**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| T.C., | Civil Action No. 20-13702 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff T.C. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, submitted October 27, 2016, alleging disability beginning November 11, 2015. A hearing was held before ALJ Ricardy Damille (the "ALJ") on April 12, 2019, and the ALJ issued an unfavorable decision on June 21, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of June 21, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) at step four, the ALJ failed to consider certain treatment records; and 2) at step four, the ALJ overlooked a key part of the consultative examiner's opinion.

Plaintiff's brief begins its arguments by observing that, because the ALJ's analysis proceeded to step five, the burden of proof shifted from Plaintiff to the Commissioner. While this is correct, it has no connection to the arguments which follow, which challenge the ALJ's determinations at step four. Plaintiff's two arguments challenging step four suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by that error.

Plaintiff first argues that the ALJ, in arriving at the residual functional capacity ("RFC") determination at step four, failed to consider the records from Plaintiff's Licensed Professional Counselor, Ms. Fell. As the Commissioner points out in opposition, this is factually incorrect, since, in the discussion about the RFC determination, the ALJ referenced specifics from the records of Plaintiff's session with Ms. Fell dated April 9, 2019. (Tr. 27.) Furthermore, while Plaintiff contends that these records were overlooked, Plaintiff fails to carry her burden, pursuant to Shinseki, of proving that she was harmed by the alleged error. As just explained, to carry that burden, Plaintiff would need to cite specific evidence from those records that might have proven her disability, and Plaintiff has not done so. Instead, Plaintiff offers references to descriptions in the records of what she said during sessions with Ms. Fell. (Pl.'s Br. 20-22.) Documents

3

reporting descriptions of Plaintiff's past reports about her symptoms must be distinguished from treating medical source opinions. Plaintiff does not cite any evidence in those records showing that Ms. Fell opined that Plaintiff has a limitation to her ability to work due to mental health difficulties, and Plaintiff has not persuaded that the ALJ overlooked something in these records of Plaintiff's subjective reports that might have changed the outcome of the disability determination.

Plaintiff next argues that, at step four, the ALJ erred by rejecting parts of the opinion of consulting psychologist Dr. Lazarus, in two ways. First, Plaintiff contends, the ALJ erred by differentiating the way in which Dr. Lazarus used the word "severe," with regard to Plaintiff's depression, with the legal meaning of "severe" in Social Security law. (See Tr. 27.) The ALJ's assertion of this distinction appears entirely correct: Dr. Lazarus appears to have written "severe" to communicate a psychological meaning, not a legal one. (Tr. 294.) Second, Plaintiff contends, "the ALJ completely fails to address Dr. Lazarus's opinion that Ms. C[]'s mental impairment is not yet stabilized enough for her to be able to work." (Pl.'s Br. 25.) Plaintiff here misconstrues what Dr. Lazarus wrote. At the end of the report, under the subheading, "Recommendations," Dr. Lazarus wrote, in its entirety:

> The recommendations at this time are certainly for psychiatric consultation for appropriate medication management. Individual psychological counseling is also recommended to continue. Upon further stabilization of her moods, vocational assessment and rehabilitation would be indicated. The claimant can follow and understand the topic of a conversation but certainly evidences difficulties with recent memory and new learning as well as in terms of mental persistence.

(Tr. 295.) The Court understands this paragraph to state Dr. Lazarus' recommendations for mental health services that would benefit Plaintiff, and vocational assessment and rehabilitation services are recommended for after "further" stabilization of Plaintiff's moods. This does not

4

state an opinion that Plaintiff is unable to work. It only states that vocational rehabilitation services would be beneficial to Plaintiff after "further" stabilization of Plaintiff's moods, which is quite different. Plaintiff has failed to persuade that the ALJ erred with regard to this statement or that Plaintiff was harmed by any error.

In sum, Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by Shinseki. Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                     s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER, U.S.D.J.

Dated: March 17, 2022